IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

ROY BENNETT, et al., )
 )
    Plaintiffs, )
 )
v. ) CIVIL ACTION NO.
 )
 ) 98-AR-1999-E
CITY OF ANNISTON, ALABAMA, )
et al., )
 )
    Defendants. )

**MEMORANDUM OPINION**

Presently before the court are the parties' cross-motions for summary judgment. Instead of submitting responses to the other side's motions, the parties have simply let their own motions suffice.[1] Plaintiffs, Roy Bennett, et al., allege that defendants, the City of Anniston, et al.,("the City") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., when the City required them to be present for 15 minutes before their shift for roll call because this 15 minutes caused them to work "overtime"

---

[1] Plaintiffs' motion for summary judgment does little more than reiterate the complaint. They have not submitted a brief. Plaintiffs fail to address or even cite Avery v. Talladega, 24 F.3d 1337 (11th Cir. 1994), an Eleventh Circuit case which is legally and factually directly on point and which is dispositive in this case. Plaintiffs could have addressed Avery in a brief in support of their motion for summary judgment or in a brief in response to defendants' motion for summary judgment. Instead of filing a brief, they simply submitted a binder full of evidence along with their motion for summary judgment. It is not the responsibility of this court to piece together a legal argument for any movant.

for which they were not paid. Thus, the only question in this case is whether the FLSA requires defendants to pay plaintiffs for this 15 minutes.[2]

### Pertinent and Undisputed Facts

Plaintiffs are police officers in the City of Anniston. From August 6, 1995, to March 4, 1998, the City required plaintiffs to be present 15 minutes before their shift for roll call and duty assignments. It is undisputed that they were not paid for this 15 minutes.

The City allows police officers to take a 30 minute paid lunch break. The officers may leave the station, eat lunch, run personal errands, and/or go home. The only restrictions are that they remain in uniform, leave their portable belt radios on, and stay within the police jurisdiction of the City. The City imposes these restrictions because it wants the officers to be available to handle "priority calls"- those involving a fleeing felon, a crime in progress, or an accident involving injury or death. Karen

---

[2] Paragraph 4 of plaintiffs' motion for summary judgment states: "In addition to the requirements imposed by the FLSA, prior to March 4, 1998, the City agreed to pay plaintiffs their regular hourly rate for all time worked on the job during the 28 day work cycle up to 160 hours, and to pay overtime or, upon an employee's request, compensatory time at one and one-half the regular rate for all time worked in excess of 160 hours." Thus, it appears that plaintiffs are attempting to add a breach of contract claim in their motion for summary judgment. This attempt is clearly improper. The time for amending the complaint has expired.

Edwards, the Records/Communication Supervisor, estimates that an officer is called away from a meal break to handle a priority call only once every 3 or 4 months. (Edwards Aff. ¶ 3.) When this occurs, that officer can on request take the remainder of his or her 30 minutes after taking care of the call. (Chandler Aff. ¶ 3.)

## Summary Judgment Standard

Rule 56(c), F.R.Civ.P. provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a <u>genuine</u> issue of <u>material</u> fact, not merely some factual dispute. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (emphasis added). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." <u>Anderson</u>, 477 U.S. at 249, 106 S.Ct. at 2511 (citing <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 88 S.Ct. 1575 (1968)). Because both sides in this case have filed motions for summary judgment, the court must look at the evidence offered by both sides

and determine whether a jury could return a verdict for either side based on that evidence. If this court determines that a jury could find for either side, both motions for summary judgment must be denied. If, on the other hand, this court finds as a matter of law that a jury could return a verdict for one side but not the other, that side's motion for summary judgment must be granted and the other denied.

## The FLSA Overtime Claim

The FLSA requires employers to pay overtime to non-salaried employees who work more than 40 hours per week. Section 7(k) of the FLSA, 29 U.S.C. § 207(k), exempts law enforcement personnel from this requirement if they work more than 7 but less than 28 days in a cycle. The Department of Labor regulations interpreting § 207(k) require employers to pay overtime to police officers for all time worked over 171 hours in a 28-day period. In this case, the officers allege that they are due overtime pay because the 15 minutes per day for which they were not paid puts them over 171 hours.

The City points out in response that it gives the officers 30 minutes per day paid lunch break. The City argues that since it is not *required* by the FLSA to compensate the officers for this lunch break, it should be allowed to offset the 15 minutes of unpaid time

with the 30 minutes for which the officers are paid. Whether this is a valid argument depends on whether the lunch break is compensable under the FLSA. In order to answer this question, the court must look to 29 C.F.R. §§ 553.223 and 785.19.

Section 553.223(b) provides:

> If a public agency elects to use the section 7(k) exemption, the public agency may, in the case of law enforcement personnel, exclude meal time from hours worked on tours of duty of 24 hours or less, provided that the employee is completely relieved from duty during that meal period, and all of the other tests in § 785.19 of this title are met. On the other hand, where law enforcement personnel are required to remain on call in barracks or similar quarters, or are engaged in extended surveillance activities (e.g., 'stakeouts'), they are not considered to be completely relieved from duty, and any such meal periods would be compensable.

Section 785.19(a) states

> The employee is not relieved [from duty] if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

If this were a case of first impression, this court would be required to analyze both sections and to interpret the phrase "completely relieved from duty" in § 553.223(b). However, the Eleventh Circuit has already decided what these words mean. See Avery v. Talladega, 24 F.3d 1337 (11th Cir. 1994). In Avery, the court read the two sections together and decided that a police

5

officer was *not* completely relieved from duty if his or her lunch break was predominantly for the benefit of the employer. Thus, the Eleventh Circuit adopted the "predominant benefit" test. <u>See also Alexander v. Chicago</u>, 994 F.2d 333 (7th Cir. 1993), <u>Henson v. Pulaski County Sheriff Dept.</u>, 6 F.3d 531 (8th Cir. 1993), and <u>Lamon v. Shawnee</u>, 972 F.2d 1145 (10th Cir. 1992) (adopting the predominant benefit test).

This court is relieved by the Eleventh Circuit from any obligation to interpret the words "completely relieved from duty." This court's only obligation is to apply the predominant benefit test to the facts of this case. In this case, the officers during lunch are allowed to go home, eat, run errands, and/or relax. However, they must remain in uniform, must leave their belt radios on, and must remain within the police jurisdiction of the City. Because these facts cut in opposite directions, this court, but for <u>Avery</u>, would conclude that it is for the jury to decide whether the lunch break "predominantly benefits" the City. However, just as the law in <u>Avery</u> constrains this court, so do the facts of <u>Avery</u>.

In <u>Avery</u>, police officers alleged that they were due overtime pay for time spent pre-shift and post-shift receiving assignments. The city argued that they should be allowed to offset that time with the officers' paid lunch breaks. Thus, just as in this case,

the issue before that court was whether the lunch breaks were compensable under the FLSA. The Eleventh Circuit stated: "The overwhelming testimony of the patrol officers and patrol lieutenants themselves is that they are free to spend their meal breaks in any way they wish so long as they remain in uniform, leave their radios on, and do not leave the jurisdiction." Avery, 24 F.3d at 1347. As a result, the court concluded as a matter of law that the lunch break was *not* predominantly for the benefit of the employer and, therefore, was not compensable.

Because the facts of this case are virtually identical to the facts in Avery, this court concludes that the lunch break in question here is not compensable under the FLSA. See also Cloutier v. Phenix City, 834 F.Supp. 366, 371 (M.D. Ala. 1993) (applying the predominant benefit test and holding that where police officers were free to leave the police station, run errands, and/or eat lunch with friends or family during their lunch break, the break was not predominantly for the benefit of the city and therefore, not compensable). Thus, the City may use the 30 minute paid lunch break to offset the 15 minutes for which plaintiffs were not paid. Therefore, plaintiffs' motion for summary judgment will be denied and defendants' motion will be GRANTED.

## CONCLUSION

A separate and appropriate order will be entered.

DONE this 20th day of October, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE